1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GABRIEL Z. TORRES,

11              Plaintiff,                     No. CIV S-08-3001 EFB P

12        vs.

13   CHRIS SCOTT, et al.,

14              Defendants.                    ORDER

15   _____/

16        Plaintiff is confined in a county jail and proceeds without counsel in an action brought

17   under 42 U.S.C. § 1983.  He requests leave to proceed *in forma pauperis*.  His case was referred

18   to the undersigned by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

19        Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

20   However, pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the $350 filing fee.  *See* 28

21   U.S.C. § 1914(a).  He must make monthly payments of 20 percent of the preceding month's

22   income credited to his trust account.  28 U.S.C. § 1915(b)(2).  The agency having custody of

23   plaintiff shall forward payments from plaintiff's account to the Clerk of the Court each time the

24   amount in the account exceeds $10 until the filing fee is paid.

25        The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds it

26   does not state a cognizable claim against any defendant.  Plaintiff names Chris Scott, who is

1

employed as a nurse practitioner at Solano County Jail, and "Doctor K," who is employed as a

doctor at Solano County Jail, as the defendants in this action.  His claim, in its entirety, reads:

"Chris Scott and Dr. K are both employed with Solano County Jail[']s medical department.

Since March 17, 2008 both Chris Scott and Dr. K has [sic] been notified of my medical

condition, neither had acted with proper treatment for me."  Compl. § IV.

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be
> subjected, any citizen of the United States . . . to the deprivation of any rights,
> privileges, or immunities secured by the Constitution . . . shall be liable to the
> party injured in an action at law, suit in equity, or other proper proceeding for
> redress . . . .

42 U.S.C. § 1983.  An individual defendant is not liable on a civil rights claim unless the facts

establish the defendant's personal involvement in the constitutional deprivation or a causal

connection between the defendant's wrongful conduct and the alleged constitutional deprivation.

*See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44

(9th Cir. 1978).  To state a claim against any individual defendant, the plaintiff must allege facts

showing that the individual defendant participated in or directed the alleged violation, or knew of

the violation and failed to act to prevent it.  *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th

Cir. 1998), *cert. denied*, 525 U.S. 1154 (1999) ("A plaintiff must allege facts, not simply

conclusions, that show that an individual was personally involved in the deprivation of his civil

rights."); *Taylor*, 880 F.2d at 1045.  While plaintiff states that defendants failed to provide

proper medical treatment, he fails to allege facts that link the defendants to any act or omission

that would indicate a deprivation of plaintiff's federal rights.  Thus, plaintiff fails to state a

section 1983 claim against defendants.

The Eighth Amendment protects prisoners from inhumane methods of punishment and

from inhumane conditions of confinement.  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir.

2006).  Extreme deprivations are required to make out a conditions of confinement claim, and

only those deprivations denying the minimal civilized measure of life's necessities are

sufficiently grave to form the basis of an Eighth Amendment violation.  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).  In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff.  *E.g., Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

To state a claim defendants provided constitutionally inadequate medical care, plaintiff must allege acts or omissions evidencing identified defendants knew of and disregarded plaintiff's serious medical needs.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Farmer*, 511 U.S. at 835-37.  Neither defendant's negligence nor plaintiff's general disagreement with the treatment he received suffices to state a claim.  *Estelle*, 429 U.S. at 106; *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988); *Jackson v. McIntosh*, 90 F.3d 330, 331 (9th Cir. 1996). Plaintiff's allegations do not, as presented, demonstrate a violation in accordance with the above standards, and thus, his complaint must be dismissed.  Thus, plaintiff must file an amended complaint to proceed.

Any amended complaint must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place.  It must also state facts which, if true, show that plaintiff is entitled to relief.  It must contain a request for particular relief.  If must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

1  occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

2  The federal rules contemplate brevity.  *See Galbraith v. County of Santa Clara*, 307 F.3d

3  1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

4  heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P.

5  84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

6  set forth in short and plain terms, simply, concisely and directly.  *See Swierkiewicz v. Sorema*

7  *N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

8  which was adopted to focus litigation on the merits of a claim.").; Fed. R. Civ. P. 8.  Plaintiff

9  must eliminate from plaintiff's pleading all preambles, introductions, argument, speeches,

10 explanations, stories, griping, vouching, evidence, attempts to negate possible defenses,

11 summaries, and the like.  *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming

12 dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*,

13 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil

14 Procedure is fully warranted" in prisoner cases).  The court (and defendant) should be able to

15 read and understand plaintiff's pleading within minutes.  *McHenry*, 84 F.3d at 1177.  A long,

16 rambling pleading that includes many defendants with unexplained, tenuous or implausible

17 connection to the alleged constitutional injury or that joins a series of unrelated claims against

18 many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and

19 an order dismissing the action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

20 A district court must construe a pro se pleading "liberally" to determine if it states a

21 claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an

22 opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  However,

23 the "[f]actual allegations must be enough to raise a right to relief above the speculative level on

24 the assumption that all the allegations in the compliant are true (even if doubtful in fact)."  *Bell*

25 *Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

26 ////

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

By signing an amended complaint he certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). By signing an amended complaint plaintiff certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his action.

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed *in forma pauperis* is granted.

2. Plaintiff shall pay the statutory filing fee of $350.   All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed with leave to amend within 30 days. Plaintiff shall file an original and one copy of the amended complaint, which must bear the docket number assigned to this case and be titled "First Amended Complaint." Failure to file an amended complaint may result in this action being dismissed for failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Dated:  November 19, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE